**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| KNIGHTS OF COLUMBUS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| DIANA SIMON, | ) ) ) Case No. |
| and | ) ) |
| JUSTIN FREIHAUT, | ) ) ) |
| and | ) ) |
| DANIEL FREIHAUT | ) ) |
| Defendants. | ) |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Knights of Columbus ("**KOC**"), by and through its attorneys, and for its Complaint in Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1332, respectfully states as follows:

### Parties

1. KOC is a fraternal benefit society formed and existing under the laws of the State of Connecticut with its principal place of business in New Haven, Connecticut, and is therefore a citizen of Connecticut.

2. Defendant Diana Simon is the ex-wife of decedent Jerome Freihaut (the "**Insured**"), and a citizen of the State of Missouri, believed to be residing in Hillsboro, Missouri.

3. Defendant Justin Freihaut is the son of Insured and is a citizen of the State of Missouri, believed to be residing in High Ridge, Missouri.

4. Defendant Daniel Freihaut is the son of Insured and is a citizen of the State of Missouri, believed to be residing in Dittmer, Missouri.

**Jurisdiction and Venue**

5. The Court has original subject matter jurisdiction over this action pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332 inasmuch as there is complete diversity of citizenship between KOC and the three defendants and the amount in controversy exceeds $75,000 exclusive of costs and fees.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391 and 1397 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and the Defendants reside in this jurisdiction.

**Cause of Action in Interpleader**

7. On or about May 3, 1990, KOC issued a Life Insurance Contract, Contract No. 01331664 (the "**Policy**"), to Insured. Insured designated his then wife Marilyn Freihaut as sole primary beneficiary, and all living children as contingent beneficiaries to share equally. A copy of the Policy is attached hereto as **Exhibit A.**

8. On or about February 12, 2005, Insured and Marilyn Freihaut divorced.

9. On or about March 31, 2005, KOC processed Insured's beneficiary change form designating his sons Justin Freihaut and Daniel Freihaut as primary beneficiaries to share equally.

10. On or about May 2, 2012, KOC processed Insured's beneficiary change form designating his then wife, Diana Simon, as sole primary beneficiary for the Policy, and Insured's sons, Justin Freihaut and Daniel Freihaut, as contingent beneficiaries of equal shares. A copy of the May 2012 beneficiary change form is attached hereto as **Exhibit B**.

11. In July 2021, Insured and Diana Simon divorced.

12. On or about August 12, 2022, Insured died, resulting in death proceeds becoming payable under the Policy. Insured's Death Certification is attached hereto as **Exhibit C.**

13. As of the date of Insured's death, the death benefit payable under the Policy is $83,984.25 (the "**Policy Proceeds**").

14. On or about August 23, 2022, Diana Simon filed a claim for the Policy Proceeds. Diana Simon's Claim Form is attached hereto as **Exhibit D**.

15. On or about August 24, 2022, Justin Freihaut filed a claim for the Policy Proceeds on behalf of himself and his brother Daniel Freihaut. Justin Freihaut's and Daniel Freihaut's Claim Form is attached hereto as **Exhibit E**.

16. Following Insured's death, Justin Freihaut and Daniel Freihaut have communicated to KOC through their counsel that they believe Missouri's automatic revocation statute (RSMo. 461.051) voided the designation of Diana Simon as the Policy's beneficiary upon her and Insured's divorce.

17. On December 21, 2022, Diana Simon sent KOC a letter requesting the Policy Proceeds claiming that because Insured did not submit a change of primary beneficiary after their divorce, Insured intended her to remain beneficiary. Diana Simon's December 21, 2022 letter to KOC is attached hereto as **Exhibit F**.

18. KOC has initiated communications with Defendants in an effort to determine if their adverse and competing claims can be resolved by agreement between the parties and without the need for formal interpleader proceedings. However, Defendants have been unable to reach an agreement as to the aforementioned disputes over payment of the Policy Proceeds.

19. KOC is ready, willing, and able to pay the Policy Proceeds due and owing on account of the death of Insured pursuant to the provisions of the Policy and applicable law. However, there is reasonable doubt under Missouri law regarding which Defendant is entitled to such Policy Proceeds.

20. KOC is at risk of multiple rival, adverse and conflicting claims to the Policy Proceeds under the Policy, and therefore KOC cannot safely pay the Policy Proceeds and seeks to interplead same with this Court.

21. KOC has no interest in the Policy Proceeds under the Policy and merely desires protection while this Court determines to whom the Policy Proceeds should be paid.

22. KOC has no adequate remedy at law except to request that this Court allow it to pay the Policy Proceeds into the Court's registry and allow the Court to make the final determination as to the appropriate beneficiary/beneficiaries under the Policy and amounts owing thereto.

23. Upon payment of the Policy Proceeds as the Court directs, KOC is entitled to be discharged from this action and from any further liability to any party related to the Policy and/or Policy Proceeds.

24. KOC has expended, and is entitled to recover, reasonable costs and attorneys' fees in connection with this interpleader action.

25. KOC has not brought this Complaint in Interpleader at the request of any other party. KOC brings its claim for relief in interpleader on its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

WHEREFORE, Plaintiff Knights of Columbus respectfully requests:

    a. That Knights of Columbus be granted leave to deposit into Court the Policy Proceeds under the Policy, plus any applicable interest;

    b. That Defendants be enjoined from instituting or prosecuting against Knights of Columbus any proceeding in state or federal court or any administrative tribunal affecting the Policy Proceeds under the Policy and on account of the death of Jerome Freihaut, and that said injunction issue without bond or surety;

    c. That Defendants be required to answer this Complaint in Interpleader and to litigate their claims among themselves for the

4

      subject Policy Proceeds;

d. That this Court determine and declare the rights of Defendants to the Policy Proceeds due and owing under the Policy;

e. That the Court enter a judgment discharging Knights of Columbus of and from any and all liability for any amounts payable on account of the death of Jerome Freihaut;

f. That this Court award Knights of Columbus its reasonable attorneys' fees and costs incurred in filing and prosecuting this Complaint in Interpleader to be paid out of the Policy Proceeds prior to distribution to the person(s) adjudged to be entitled to same; and

g. That the Court award such other and further relief as it deems just and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: /s/ *Mark P. Ohlms*
    Clark H. Cole     #28668
    Mark P. Ohlms     #69262
    7700 Forsyth Blvd. Suite 1800
    St. Louis, MO  63105
    314.621.5070
    314.621.5065 (facsimile)
    ccole@atllp.com
    mohlms@atllp.com

*Attorneys for Plaintiff Knights of Columbus*