UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

KNIGHTS OF COLUMBUS,            )
                                )
            Plaintiff,           )
                                )
vs.                             )
                                )  Case No. 23-cv-00119
DIANA SIMON, JUSTIN FREIHAUT, and )
DANIEL FREIHAUT                 )
                                )
            Defendants.          )
                                )
                                )

## JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff Knights of Columbus ("**KOC**") and Defendants Diana Simon, Justin Freihaut, and Daniel Freihaut (collectively, "**Defendants**") respectfully request that the Court enter their proposed Consent Judgment, attached to this Joint Motion for the Court's consideration. In support, KOC and Defendants jointly state as follows:

### I. The Policy

1. KOC and Defendants consent to the entry of this Consent Judgment. The facts set forth in this Consent Judgment are true and accurate.

2. Defendant Diana Simon is the ex-wife of decedent Jerome Freihaut (the "**Insured**").

3. Defendants Justin Freihaut and Daniel Freihaut are the sons of Insured.

4. On or about May 3, 1990, KOC issued a Life Insurance Contract, Contract No. 01331664 (the "**Policy**"), to Insured. Insured designated his then-wife Marilyn Freihaut as sole primary beneficiary, and all living children as contingent beneficiaries to share equally. A copy of the Policy is attached hereto as **Exhibit A**.

5. On or about February 12, 2005, Insured and Marilyn Freihaut divorced.

6. On or about March 31, 2005, KOC processed Insured's beneficiary change form designating his sons Justin Freihaut and Daniel Freihaut as primary beneficiaries to share equally.

7. On or about May 2, 2012, KOC processed Insured's beneficiary change form designating his then wife, Diana Simon, as sole primary beneficiary for the Policy, and Insured's sons, Justin Freihaut and Daniel Freihaut, as contingent beneficiaries of equal shares. A copy of the May 2012 beneficiary change form is attached hereto as **Exhibit B**.

8. In July 2021, Insured and Diana Simon divorced.

9. On or about August 12, 2022, Insured died, resulting in death proceeds becoming payable under the Policy. Insured's Death Certification is attached hereto as **Exhibit C**.

10. As of the date of Insured's death, the death benefit payable under the Policy is $83,984.25 (the "**Death Benefit**").

## II. The Competing Claims

11. On or about August 23, 2022, Diana Simon filed a claim for the Death Benefit. Diana Simon's Claim Form is attached hereto as **Exhibit D**.

12. On or about August 24, 2022, Justin Freihaut filed a claim for the Death Benefit on behalf of himself and his brother Daniel Freihaut. Justin Freihaut's and Daniel Freihaut's Claim Form is attached hereto as **Exhibit E**.

13. Following Insured's death, Justin Freihaut and Daniel Freihaut communicated to KOC through their counsel that they believe Missouri's automatic revocation statute (RSMo. 461.051) voided the designation of Diana Simon as the Policy's beneficiary upon her and Insured's divorce.

14. On December 21, 2022, Diana Simon sent KOC a letter requesting payment of the Death Benefit, claiming that because Insured did not submit a change of primary beneficiary after

their divorce, Insured intended her to remain beneficiary. Diana Simon's December 21, 2022 letter to KOC is attached hereto as **Exhibit F**.

15. KOC initiated communications with Defendants in an effort to determine if their adverse and competing claims could be resolved by agreement among the parties and without the need for formal interpleader proceedings. However, Defendants were unable to reach an agreement as to the aforementioned disputes over payment of the Policy Proceeds.

16. On February 2, 2023, KOC filed an interpleader action in this Court to resolve the uncertainty regarding Defendants' adverse and competing claims concerning payment of the Death Benefit.

### III. The Consent Judgment

17. Subsequent to KOC's filing of this interpleader action, Defendants reached a settlement as to the payment of the Death Benefit.

18. As of March 24, 2023, the death benefit payable under the Policy is $83,984.25, plus applicable interest and pro rata dividends of $4,768.76, for a total of $88,753.01 (the "**Policy Proceeds**").

19. KOC is merely a stakeholder and has no interest in the Policy Proceeds.

20. In light of the agreement reached by Defendants, KOC and Defendants desire to settle KOC's interpleader action and all matters and controversies between them arising out of the Policy, including any claim or payment of the Policy Proceeds.

21. KOC has incurred attorneys' fees relating to its prosecution of its interpleader action in this Court with total incurred fees in excess of $7,000.

22. KOC is entitled to its reasonable attorneys' fees incurred in connection with this matter.

23. The Court finds that $7,000, the amount requested by KOC for attorneys' fees and agreed to by Defendants, is reasonable, and KOC is entitled to $7,000 paid from the Policy Proceeds for that purpose.

24. Within ten (10) days of the Court's entry of this Consent Judgment, KOC shall pay $9,253.88 of the Policy Proceeds jointly to Daniel Freihaut and Justin Freihaut and $72,499.13 of the Policy Proceeds plus accrued interest and pro rata dividends to Diana Simon. $7,000 shall be retained by KOC as KOC's reasonable attorneys' fees in this matter. The total payment to Defendants shall be $81,753.01, plus any interest and pro rata dividends accrued between entry of this judgment and payment of the Policy Proceeds. After making the aforementioned payments, KOC shall be discharged from any and all liability relative to the Policy, including for the claim or payment of the Policy's death benefit.

25. The facts set forth in this Joint Motion and the parties' proposed Consent Judgment are true and accurate, and all parties agree that their proposed Consent Judgment should be entered by the Court. The parties therefore request that the Court grant this Joint Motion for Entry of Consent Judgment and enter the Consent Judgment attached to this Joint Motion.

WHEREFORE, the parties respectfully request that this Court enter a Consent Judgment in substantially the form attached to this Joint Motion, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Mark P. Ohlms
Clark H. Cole #28668MO
Mark Ohlms, #69262MO
Armstrong Teasdale LLP
7700 Forsyth Boulevard Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (Facsimile)
ccole@atllp.com
mohlms@atllp.com

**ATTORNEYS FOR PLAINTIFF**

By: /s/ Justin L. Cardwell (with consent)
Justin L. Cardwell, #63747MO
Roberts, Wooten & Zimmer, LLC
PO Box 888
Hillsboro, Missouri 63050
636.481.4088
636.789.4205 (Facsimile)
justincardwell@rwzlaw.com

**ATTORNEYS FOR DEFENDANT DIANA SIMON**

**PRO SE DEFENDANTS**

/s/ [signature]
Justin Freihaut (pro se)
2421 Debra Dr.
High Ridge, Missouri 63049

/s/ [signature]
Daniel Freihaut (pro se)
1137 McKees Pt.
Dittmer MO 63023

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Mark P. Ohlms