## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KNIGHTS OF COLUMBUS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-119 RLW |
| DIANA SIMON, JUSTIN FREIHAUT, and DANIEL FREIHAUT, | ) |
| Defendants. | ) |

### CONSENT JUDGMENT

This matter is before the Court on the parties' Joint Motion for Entry of Consent Judgment. (ECF No. 10). The Court, being duly and fully advised of the pertinent facts and circumstances involved, having reviewed the Joint Motion and documents filed in support, and acknowledging that all parties have consented to the entry of this Consent Judgment, enters judgment as follows:

### CONSENT FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff Knights of Columbus ("KOC") and Defendants Diana Simon, Justin Freihaut, and Daniel Freihaut (collectively, "Defendants") consent to the entry of this Consent Judgment. The facts set forth in this Consent Judgment are true and accurate.

2. Defendant Diana Simon is the ex-wife of decedent Jerome Freihaut (the "Insured").

3. Defendants Justin Freihaut and Daniel Freihaut are the sons of Insured.

4. On or about May 3, 1990, KOC issued a Life Insurance Contract, Contract No. 01331664 (the "Policy"), to Insured. Insured designated his then-wife Marilyn Freihaut as sole primary beneficiary, and all living children as contingent beneficiaries to share equally.

5. On or about February 12, 2005, Insured and Marilyn Freihaut divorced.

6. On or about March 31, 2005, KOC processed Insured's beneficiary change form designating his sons Justin Freihaut and Daniel Freihaut as primary beneficiaries to share equally.

7. On or about May 2, 2012, KOC processed Insured's beneficiary change form designating his then wife, Diana Simon, as sole primary beneficiary for the Policy, and Insured's sons, Justin Freihaut and Daniel Freihaut, as contingent beneficiaries of equal shares.

8. In July 2021, Insured and Diana Simon divorced.

9. On or about August 12, 2022, Insured died, resulting in death proceeds becoming payable under the Policy.

10. As of the date of Insured's death, the death benefit payable under the Policy is $83,984.25 (the "Death Benefit").

11. On or about August 23, 2022, Diana Simon filed a claim for the Death Benefit.

12. On or about August 24, 2022, Justin Freihaut filed a claim for the Death Benefit on behalf of himself and his brother Daniel Freihaut.

13. Following Insured's death, Justin Freihaut and Daniel Freihaut communicated to KOC through their counsel that they believe Missouri's automatic revocation statute (RSMo. 461.051) voided the designation of Diana Simon as the Policy's beneficiary upon her and Insured's divorce.

14. On December 21, 2022, Diana Simon sent KOC a letter requesting payment of the Death Benefit, claiming that because Insured did not submit a change of primary beneficiary after their divorce, Insured intended her to remain beneficiary.

15. On February 2, 2023, KOC filed an interpleader action in this Court to resolve the uncertainty regarding Defendants' adverse and competing claims concerning payment of the Death Benefit.

16. As of March 24, 2023, the death benefit payable under the Policy is $83,984.25, plus applicable interest and pro rata dividends of $4,768.76, for a total of $88,753.01 (the "Policy Proceeds").

17. KOC is merely a stakeholder and has no interest in the Policy Proceeds.

18. KOC has incurred attorneys' fees relating to its prosecution of its interpleader action in this Court with total incurred fees in excess of $7,000.

19. KOC is entitled to its reasonable attorneys' fees incurred in connection with this matter.

20. The Court finds that $7,000, the amount requested by KOC for attorneys' fees and agreed to by Defendants, is reasonable, and KOC is entitled to $7,000 paid from the Policy Proceeds for that purpose.

21. Within ten (10) days of the Court's entry of this Consent Judgment, KOC shall pay $9,253.88 of the Policy Proceeds jointly to Daniel Freihaut and Justin Freihaut and $72,499.13 of the Policy Proceeds plus accrued interest to Diana Simon. KOC shall retain $7,000 as KOC's reasonable attorneys' fees in this matter. The total payment to Defendants shall be $81,753.01, plus any interest and pro rata dividends accrued between entry of this judgment and payment of the Policy Proceeds. After making the aforementioned payments, KOC shall be discharged from any and all liability relative to the Policy, including for the claim or payment of the Policy's death benefit.

By the parties' consent, and upon review and consideration by this Court,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the parties' Joint Motion for Entry of Consent Judgment is **GRANTED**. [ECF No. 10]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** within ten (10) days of the date of this Consent Judgment, Plaintiff Knights of Columbus shall pay Nine Thousand, Two Hundred, Fifty-Three Dollars and Eighty-Eight Cents ($9,253.88) of the Policy Proceeds jointly to Daniel Freihaut and Justin Freihautand, and Seventy-Two Thousand, Four Hundred Ninety-Nine Dollars and Thirteen Cents ($72,499.13) of the Policy Proceeds plus accrued interest to Diana Simon, for a total net payment to Defendants of Eighty-One Thousand, Seven Hundred, Fifty-Three Dollars and One Cent ($81,753.01), plus any applicable interest and pro rata dividends accrued between entry of this Consent Judgment and payment of the Policy Proceeds. Plaintiff Knights of Columbus shall separately retain from the Policy Proceeds the amount of Seven Thousand ($7,000.00), representing Plaintiff Knights of Columbus's reasonable attorneys' fees in this matter. Upon such payment, Plaintiff Knights of Columbus shall be and is discharged from any and all liability relative to the Policy, including for payment of the Policy Proceeds. Apart from the Seven Thousand ($7,000.00) payment to Plaintiff Knights of Columbus from the Policy Proceeds, each party to this action shall bear his, her, or its own attorneys' fees and costs.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Diana Simon, Justin Freihaut, and Daniel Freihaut are hereby restrained and permanently enjoined from instituting or prosecuting against Plaintiff Knights of Columbus any proceeding in state or federal court or any administrative tribunal affecting or relating in any way to the Policy Proceeds or the Policy.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this __12th__ day of May, 2023.

4